# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIGGS & STRATTON CORPORATION,**

      **Plaintiff,**

  **v.**                                                                              **Case No. 04-C-1183**

**BROWN & WISER, INC.,**

      **Defendant.**

# DECISION AND ORDER

This action is before the Court on three Motions to Dismiss by Brown & Wiser, Inc. ("Brown"), directed to the original Complaint, the First Amended Complaint, and the Second Amended Complaint filed by Briggs & Stratton Corporation ("Briggs"). By its first Motion to Dismiss, Brown sought dismissal of the original Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. In response, Briggs argued that subject matter jurisdiction does exist and submitted the First Amended Complaint. Brown then filed its second Motion to Dismiss, seeking dismissal of the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (3) and, alternatively, for *forum non conveniens*. Briggs responded by reiterating that subject matter jurisdiction exists, asserting the inapplicability of *forum non-conveniens*, and submitting its Second Amended Complaint. (The parties previously filed a Fed. R. Civ. P. 15 Stipulation in which Brown and Briggs agreed that Briggs had leave to file the Second Amended Complaint.) In turn, Brown filed its third Motion to Dismiss, seeking dismissal of the Second Amended Complaint under Fed. R. Civ. P. 12(b)(1). Since the

parties did not wait for rulings on the first and second Motions to Dismiss, the Court is presented with the issue of which motion(s) to consider with respect to which complaint(s).

According to Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Since Brown's first Motion to Dismiss was not a responsive pleading, the First Amended Complaint was filed as a matter of right. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984) ("It is well settled in this circuit that a motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15(a)."). After amendment as a matter of course, parties may amend their pleadings "only by leave of court or by written consent of the adverse party. " Fed. R. Civ. P. 15(a). Brown consented to Briggs's Second Amended Complaint by agreeing to the Rule 15 Stipulation. Therefore, the First Amended Complaint (filed as of right) superceded the original Complaint and the Second Amended Complaint has now superceded the First Amended Complaint. *See Kelley v. Crosfield Catalysts*, 133 F.3d 1202, 1204-05 (7th Cir. 1998). Thus, only the Second Amended Complaint is properly and currently under consideration by the Court and the parties.

However, this does not necessarily render the first and second Motions to Dismiss moot. Other courts have considered motions to dismiss directed to previous versions of complaints when assessing whether to accept subsequent amended complaints. *See, e.g.*, *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985); *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). In addition, several courts have adopted the view that "defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their

motion was pending." *AXA Corporate Solutions Ins. Co. v. Lumbermens Mut. Cas. Co.*, No. 03 Civ. 8493, 2005 WL 1649045, at *3 n.3 (S.D.N.Y. July 13, 2005) (quoting 6 Charles Alan Wright, et al., *Federal Practice & Procedure*, § 1476 (2d ed. 1990)); *Cabrera v. World's Finest Chocolate, Inc.*, No. 04 C 0413, 2004 WL 1535850, at *1 n.3 (N.D. Ill. July 7, 2004) (stating that an "original motion to dismiss, although aimed at the first complaint, shall stand as to any alleged defects in the complaint that have survived the amendment"). These cases suggest that prior motions to dismiss may still be considered in light of subsequent amended complaints. Yet, in the above-cited cases, additional motions to dismiss were not filed in response to each amended complaint. *Lumbermens*, 2005 WL 1649045, at *8; *Cabrera*, 2004 WL 1535850, at *1, *7. Therefore, these cases are distinguishable.

Further complicating the issue is the fact that both parties herein have made broad incorporations by referring to previous arguments without regard to whether each argument (or portion of each argument) is still pertinent. (*See* Brown Mot. to Dismiss Second Am. Compl. at 1; Brown Mem. in Supp. at 1; Briggs Br. in Opp'n at 4.) Incorporation by reference, in the instant circumstances, raises certain logistical difficulties. For example, the factual summary in the original Motion to Dismiss references the original complaint, but those citations and the facts identified may or may not correspond to the Second Amended Complaint. Further, in its Motion to Dismiss the Second Amended complaint, Brown states that it is incorporating the *forum non conveniens* argument that appeared in its Motion to Dismiss the Amended Complaint. However, in the memorandum supporting its Motion to Dismiss the Second Amended Complaint, Brown,

–3–

when summarizing the bases for its prior motions, makes no mention of *forum non conveniens*. The Court cannot determine whether this omission is intentional or an oversight.

The Court is reluctant to sift through the parties' prior arguments–three sets of briefings, to be exact–to determine those upon which the parties still intend to rely. The possibility that a pertinent argument might be overlooked renders such an endeavor additionally undesirable. Therefore, the Court concludes that, in the interests of fairness and practicality, the parties should have an opportunity to re-present their respective positions on Brown's Motion to Dismiss Plaintiff's Second Amended Complaint in consolidated form. This re-presentation of the arguments should impose little hardship on the parties insofar as it is simply a matter of organizing their previously presented arguments into consolidated form. Therefore, the Court will implement a more expeditious briefing schedule than those outlined in the Court's local rules.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Brown's Motion to Dismiss (Docket No. 12) is **DISMISSED** as moot.

Brown's Motion to Dismiss Amended Complaint (Docket No. 19) is **DISMISSED** as moot.

Brown **SHALL** submit a consolidated Amended Motion to Dismiss Plaintiff's Second Amended Complaint and a consolidated Memorandum in support thereof, clearly setting forth Brown's arguments and positions by October 5, 2005, and without incorporation of, or reference to, previous motions. Likewise, Briggs, no later than October 17, 2005, **SHALL** submit a consolidated Amended Brief in Opposition to Defendant's Amended Motion to Dismiss Plaintiff's Second Amended Complaint, clearly setting forth Briggs's arguments and positions without incorporation of, or reference to, previous motions or responses. Brown's consolidated amended reply, if it chooses to file one, should be received by the Court no later than October 26, 2005.

Dated at Milwaukee, Wisconsin this 20th day of September, 2005.

        **BY THE COURT**

        **s/ Rudolph T. Randa**
        **Hon. Rudolph T. Randa**
        **Chief Judge**